UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Evan Gerald Filiatrault, | Case No. 24-cv-396 (JMB/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, | |
| Respondent. | |

---

In a letter dated February 7, 2024, the Clerk of Court informed petitioner Evan Gerald Filiatrault that he would be required to pay the filing fee for this matter or apply for *in forma pauperis* ("IFP") status within 15 days, failing which this matter could be recommended that this action be dismissed without prejudice for failure to prosecute. *See* ECF No. 2. That deadline has now passed, and Mr. Filiatrault has not paid the required filing fee or applied for IFP status. Accordingly, this Court now recommends, consistent with the warning previously given to Mr. Filiatrault, that this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

That said, even if Mr. Filiatrault had elected to prosecute this matter, his petition for a writ of habeas corpus would have to be denied. A habeas petition is a request for freedom

from custody. *See, e.g.*, *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (noting that "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy."). As such, a bedrock requirement of the federal habeas corpus statute is that the petitioner be in custody at the time that habeas relief is sought. *See* 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam). Mr. Filiatrault's habeas petition is in many respects difficult to interpret, but it does not appear from the petition that Mr. Filiatrault was in custody at the time that he filed the petition used to commence this action, and the relief that Mr. Filiatrault is seeking is not habeas corpus relief. The "in custody" requirement of § 2241(c) is jurisdictional. *See Maleng*, 494 U.S. at 490-91. Thus, even if Mr. Filiatrault had elected to prosecute this action, the result would be the same: a recommendation that this matter be dismissed without prejudice.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE.

Dated: April 15, 2024        _s/Douglas L. Micko_____
                             Douglas L. Micko
                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).